**SO ORDERED.**

**SIGNED this 13 day of October, 2016.**

_Stephani W. Humrickhouse_
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

___

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

MAUREEN DENISE MCOUAT,　　　　　　　CASE NO. 15-05150-5-SWH

DEBTOR　　　　　　　　　　　　　　　　CHAPTER 13

OPINION REGARDING THIS COURT'S SEPTEMBER 1, 2016 ORDER DENYING
DEBTOR'S MOTION FOR SANCTIONS

The matter before the court is the motion of Maureen Denise McOuat (hereafter "McOuat" or the "debtor") seeking sanctions against the United States of America (hereafter "United States") for violation of the automatic stay. A hearing was held on August 30, 2016. Because the court determined that claims brought under the False Claims Act (hereafter "FCA") and related common law claims fall within the regulatory and police powers exception to the automatic stay found in § 362(b)(4), the court found that the government had not violated the automatic stay and therefore denied the debtor's motion for sanctions. See Order Denying Motion for Sanctions, Doc. No. 53. This opinion supplements the court's short order dated September 1, 2016.

BACKGROUND

The Farm Service Agency (hereafter, "FSA"), an agency of the United States Department of Agriculture loaned the debtor monies for the purchase of a farm and farm operations, evidenced by two promissory notes. In October of 2014, the United States initiated an action in the United States District Court for the Eastern District of North Carolina ("District Court") to recover on the promissory notes. The debtor failed to answer the complaint and judgment was entered in favor of the United States in the total amount of $123,610.09. The judgment was subsequently filed in Harnett County and became a lien on the debtor's property located in that county. On Sept. 23, 2015, the debtor filed for relief under chapter 13 of the Bankruptcy Code.

The United States filed a proof of claim in the debtor's bankruptcy case as a secured claim in the amount of the judgment, $123,610.09. On Oct. 29, 2015, debtor filed a Motion to Avoid the Judicial Lien of the United States against the debtor's residence pursuant to § 522(f) of the Bankruptcy Code. In its written response to the motion, the United States alleged that the debtor made fraudulent misrepresentations or had "unclean hands" with regard to the debt underlying the judgment and that as a result, should be precluded from avoiding the judgment lien. After a hearing, the court allowed the motion over the objection of the United States by order dated April 26, 2016, rendering the claim unsecured.

On July 21, 2016, the United States filed a second complaint in the District Court seeking damages for alleged fraudulent conduct on the part of the debtor, including claims under 31 U.S.C. §§ 3729, et seq., the False Claims Act, as well as common law fraud claims, including unjust enrichment and payment by mistake of fact (hereafter "Fraud Claims"). It is the initiation of this action that the debtor alleges violated the automatic stay and for which she seeks sanctions against the United States.

2

DISCUSSION

The automatic stay of § 362 provides fundamental protection to the debtor in that it "provides the debtor with a breathing spell from h[er] creditors" and "allows the bankruptcy court to centralize all disputes concerning property of the debtor's estate" to promote efficiency in the matter. Shugrue v. Air Line Pilots Ass'n Int'l (In re Ionosphere Clubs, Inc.), 922 F.2d 984, 989 (2d Cir. 1990) (internal citations and quotation marks omitted). The filing of a petition operates as a stay "of the commencement or continuation . . . [of an] action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy proceeding], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy case]."§ 362(a)(1). Therefore, unless an exception to the stay is applicable, the government's initiation of the District Court action would be in violation of the stay.

Section 362(b)(4) provides that the filing of a bankruptcy petition does **not** operate as a stay for

> "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power."

For § 362(b)(4) to apply, the governmental entity "must demonstrate that it is 1) enforcing 2) its police and regulatory power." Bd. of Supervisors v. Royal (In re Royal), No. 04-1895, 2005 WL 1220825, at *2 (4th Cir. May 24, 2005). In the Royal case, the Fourth Circuit found that the use of a county's eminent domain powers was not within the scope of the exception, in part because there was no violation of a statute that the government could *enforce*. Id. at *4. However, the court noted that laws like a financial assurance regulation, the Interstate

Land Sales Full Disclosure Act, the Service Contract Act, and the *False Claims Act* were subject to violation and thus enforceable under the government's police and regulatory power. Id. at *4. The court also analyzed the legislative history of the exception to stay, including the House and Senate Reports, to determine how narrowly it should be applied, noting that actions should be covered under the exception, "where a governmental unit is suing a debtor to prevent or stop violation of *fraud* . . . or similar police or regulatory laws, *or attempting to fix damages for violation of such a law* . . . ." Id. at *3 (quoting S. Rep. No. 95-989 (1978); H.R. Rep. No. 95-595 (1978)) (emphasis added).

It is well settled that actions brought under the False Claims Act fall squarely within the § 362(b)(4) exception to the stay. See United States ex rel. Doe v. X, Inc., 246 B.R. 817, 818 (E.D. Va. 2000) (holding that a False Claims suit is a proceeding by a governmental unit to enforce that unit's police or regulatory power and that there is ample authority for the preposition that [the False Claims Act] is the exact type of law meant to prevent or stop fraud or to fix damages for fraud already committed).

Courts have rejected arguments that claims under the False Claims Act seek a "money judgment" and thus would *not* be excepted from the stay. See United States ex rel. Doe v. X, Inc., 246 B.R. 817 (E.D. Va. 2000). In X, Inc., the court reviewed the two tests most often used to determine if a claim seeks "enforcement of . . . a money judgment." § 362(b)(4). The first test, the pecuniary advantage test, allows the government to pursue a claim for any action under the police and regulatory powers exception so long as it does not conflict with the bankruptcy court's dominion over the property of the estate and it "does not otherwise create a pecuniary advantage for the government vis-a-vis other creditors." X, Inc. 246 B.R. at 820. The second test, the pecuniary interest test, is more narrow and only allows a claim to be brought under

4

§ 362(b)(4) "if the government is seeking to protect public health, safety, and welfare, and is not seeking to protect a so-called 'pecuniary interest'." Id. (Internal citations omitted). The court determined that "[t]he more sensible approach, and the one implicitly adopted by the Fourth Circuit, is the pecuniary advantage test, which concludes that § 362(b)(4) permits the government to seek the **entry** of a money judgment as the remedy for the violation of a fraud or other police or regulatory law." Id., See also, United States v. Commonwealth Co., Inc. (In re Commonwealth Companies, Inc.), 913 F.2d 518, 524 (8th Cir. 1990) (rejecting arguments that an action under the False Claims Act to obtain a money judgment (not the enforcement of a money judgment) is one that conflicts with the bankruptcy court's authority over the debtor's estate or that a False Claims Act proceeding would provide the government with an advantage over other creditors).

This court is satisfied that the facts of this case fit well-settled case law: the United States' first three claims, all under the False Claims Act, fall within the § 362(b)(4) exception to the automatic stay. The court now turns to the common law fraud claims contained in the District Court suit. The language of the § 362(b)(4) exception is not specifically limited to the governmental entity's ability to enforce statutorily-based police and regulatory powers. The common law claims pleaded by the United States and the False Claims Act claims are based on identical facts. It is clear from the statutory language, as well as the aforementioned *House and Senate reports,* that the purpose of § 362(b)(4) is to allow the initiation and continuation of civil actions by the government to enjoin certain actions or to fix damages resulting from fraud or similar conduct; this holds true regardless of whether such claims are codified or based in common law. While there is no direct authority from the Fourth Circuit on this question, this court finds the analysis from U.S. District Court for the Eastern District of Pennsylvania

5

persuasive:

> [W]e do not read [§ 362(b)] to require such painstaking scrutiny [of parsing through individual claims of a fraud action]. The statute permits the Government to continue "an action or proceeding . . . to enforce [the fraud laws]". 11 U.S.C. § 362(b)(4). All of the claims in the Government's civil fraud action are intended to remedy the defendants' commission of fraud against the United States. We find nothing in the statute or the legislative history to warrant restricting the §§ 362(b)(4) and (5) exceptions from the automatic stay to apply only to certain of the claims in the Government's fraud action.

United States v. Mickman (In re Mickman), 144 B.R. 259, 262 (E.D. Pa. 1992) (holding that claims under the False Claims Act, the Federal Priority Statute, the Fraud Injunction statute, common law fraud, inducement of breach of fiduciary duties, unjust enrichment, payment under mistake of fact, fraudulent conveyances, and the use of corporations as alter egos all fell under the § 362(b)(4) exception).

In sum, the United States' common law claims are also encompassed within its regulatory or police power, and fall under the exception from stay.

## CONCLUSION

For the reasons set out above, the court finds that the initiation of the District Court case, which includes both statutory claims under the False Claims Act and common law fraud-based claims, is excepted from the automatic stay pursuant to § 362(b)(4). There being no stay violation, the debtor's motion for sanctions is hereby **DENIED**.

**END OF DOCUMENT**